IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE 2, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-83-GPM |
| | ) |
| FREEBURG COMMUNITY | ) |
| CONSOLIDATED SCHOOL DISTRICT | ) |
| NO. 70, CLARENCE HAEGE, and | ) |
| LAWRENCE MEGGS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction")[1]*; Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (quotation omitted); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a

---

[1] Defendants have filed a pending motion to dismiss alleging that Plaintiff's claims are barred by the statute of limitations (Doc. 5). The Court will consider that motion after determining the existence of federal subject matter jurisdiction.

complaint is filed is check to see that federal jurisdiction is properly alleged.").

In light of Seventh Circuit Court of Appeals opinions, this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded. *See, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam).

Plaintiff claims the Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case presents a federal question under Title IX (Doc. 2). Plaintiff has also alleged several state claims and asserts the Court has supplemental jurisdiction over these state claims pursuant to 28 U.S.C. § 1367(a) (Doc. 2).

In the Seventh Circuit, "subject matter jurisdiction must be a matter of certainty and not of probabilities (however high) . . . ." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). When it is questionable whether a party can establish federal subject matter jurisdiction, the "jurisdictional issues always must be resolved ahead of all others." *Intec USA, LLC v. Engle*, 467 F. 3d. 1038, 1041 (7th Cir. 2000). Accordingly, the parties are **ORDERED** to submit briefs outlining their respective position on whether this Court has federal subject matter jurisdiction over the claims Plaintiff asserts under 28 U.S.C. § 1331. The jurisdictional briefs should contain citations to supporting authority and must be submitted **on or before July 10, 2012**. The Court notes that an identical Order for jurisdictional briefing has issued in Southern District of Illinois case number 12-84-GPM, a related case.

**IT IS SO ORDERED.**

DATED: June 26, 2012

complaint is filed is check to see that federal jurisdiction is properly alleged.").

In light of Seventh Circuit Court of Appeals opinions, this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded. *See, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam).

Plaintiff claims the Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case presents a federal question under Title IX (Doc. 2). Plaintiff has also alleged several state claims and asserts the Court has supplemental jurisdiction over these state claims pursuant to 28 U.S.C. § 1367(a) (Doc. 2).

In the Seventh Circuit, "subject matter jurisdiction must be a matter of certainty and not of probabilities (however high) . . . ." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). When it is questionable whether a party can establish federal subject matter jurisdiction, the "jurisdictional issues always must be resolved ahead of all others." *Intec USA, LLC v. Engle*, 467 F. 3d. 1038, 1041 (7th Cir. 2000). Accordingly, the parties are **ORDERED** to submit briefs outlining their respective position on whether this Court has federal subject matter jurisdiction over the claims Plaintiff asserts under 28 U.S.C. § 1331. The jurisdictional briefs should contain citations to supporting authority and must be submitted **on or before July 10, 2012**. The Court notes that an identical Order for jurisdictional briefing has issued in Southern District of Illinois case number 12-84-GPM, a related case.

**IT IS SO ORDERED.**

DATED: June 26, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge